UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| In re: ) | |
| ) | |
| GEM PRODUCTS, INC., ) | |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| GEM PRODUCTS, INC., ) | No. 1:05-CV-59 |
| as Debtor-In-Possession, ) | |
| ) | Judge Curtis L. Collier |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | |
| ) | |
| PRESTIGE SALES CO., INC., ) | |
| ) | |
| Defendant-Appellant. ) | |

**O R D E R**

On February 28, 2005, Defendant-Appellant Prestige Sales Co., Inc. ("Prestige") filed a notice of appeal from two orders entered by the United States Bankruptcy Court for the Eastern District of Tennessee denying a motion for summary judgment filed by Prestige in the above-captioned adversary proceeding. Because said orders were not final judgments or orders permitting an appeal as of right pursuant to 28 U.S.C. § 158(a)(1), Prestige simultaneously submitted a "Motion for Leave to Appeal Under 28 U.S.C. § 158(a)" requesting the Court exercise its authority under 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8001(b) and grant Prestige an interlocutory appeal. For whatever reason, this motion was not docketed as a separate filing but instead as an attachment to Prestige's notice of appeal (*see* Court File No. 1, Attch. 2). As a result, the motion never independently came to the Court's attention and it did not appear as a pending

motion on the Court's electronic motion report. Further complicating matters, Plaintiff-Appellee GEM Products, Inc. ("GEM") did not file an answer in opposition to Prestige's motion within the ten days permitted by Rule 8003(a). The parties then proceeded to file their briefs, wherein Prestige stated "the basis for appellate jurisdiction of the appeal of the final judgment of the Bankruptcy Court in these consolidated adversary proceedings is 28 U.S.C. § 158(a)" (Court File No. 4, p. 5), and GEM stated the Court "properly holds jurisdiction pursuant to 28 U.S.C. § 158(a)" (Court File No. 5, p. 6). The Court heard oral arguments on the merits of Prestige's appeal on August 3, 2005.

Due to this confluence of circumstances, the Court has not yet had occasion to formally rule on Prestige's request for an interlocutory appeal. Rule 8003(a)(3) requires a party seeking a discretionary interlocutory appeal to provide "a statement of the reasons why an appeal should be granted," yet Prestige's motion provides only a summary of why it believes the Bankruptcy Court's ruling was legally erroneous and the cursory assertion that the ruling "deprives Prestige . . . of its defense to this adversary proceeding" (Court File No. 1, Attch. 2, pp. 2-4). Even assuming this is sufficient to comply with the procedural requirements of Rule 8003(a), it quite clearly fails to meet the burden needed to justify an interlocutory appeal. Because neither 28 U.S.C. § 158(a)(3) nor Rule 8001(b) provide any specific criteria for district courts to consider in exercising their discretion to grant appeals from interlocutory orders in bankruptcy courts, district courts have applied the standards governing discretionary appellate review by circuit courts of interlocutory orders under 28 U.S.C. § 1292(b). *See In re M.T.G., Inc.*, 298 B.R. 310, 315 (E.D. Mich. 2003); *In re Southern Indus. Banking Corp.*, 70 B.R. 196, 200-01 (E.D. Tenn. 1986). In order to obtain review of an interlocutory order, an appellant must show (1) the question involved is one of "law," (2) it is controlling, (3) there is a substantial ground for difference of opinion about it, and (4) an immediate

appeal would materially advance the ultimate termination of the litigation. *See Mackey v. Milam*, 154 F.3d 648, 650 (6th Cir. 1998); *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974). Prestige has made no effort to satisfy any of these elements and even assuming the first two are met in this case, Prestige has not presented any arguments which convince the Court there is a substantial basis for taking issue with the Bankruptcy Court's ruling nor is the Court aware of anything in the facts of this case which would make interlocutory review any more helpful than in the typical adversary proceeding.

Accordingly, the Court **DENIES** Prestige's motion for leave to appeal (Court File No. 1, Attch. 2) and, thus lacking jurisdiction to entertain Prestige's arguments, hereby **DISMISSES** the notice of appeal and **DIRECTS** the Clerk of Court to close this case.

However, in light of the fact the parties have fully briefed the issues raised in Prestige's appeal and actually appeared before this Court and make oral arguments on the issues, the Court deems it beneficial to the parties and their inclination to take further action to perfect this appeal to offer the following. The Court carefully considered the arguments of counsel advanced both in their briefs and in their oral arguments, the applicable law, and the decision of the Bankruptcy Court. After carefully considering those matters, the Court would be inclined to affirm the Bankruptcy Court's order for the reasons stated in Judge Stinnett's opinion.

**SO ORDERED.**

**ENTER:**

                                                     **/s/**
                                      **CURTIS L. COLLIER**
                            **UNITED STATES DISTRICT JUDGE**